IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-00873-RM-CBS

GRANT NEAL,

     Plaintiff,

v.

COLORADO STATE UNIVERSITY-PUEBLO,
THE BOARD OF GOVERNORS
OF THE COLORADO STATE
UNIVERSITY SYSTEM,  ROOSEVELT
WILSON, individually and as agent for CSU
PUEBLO, JENNIFER DELUNA,
individually and as agent for CSU PUEBLO,
LESLEY DIMARE, individually and as
agent for CSU PUEBLO, KAITLYN
BLAKELY, individually and as agent for
CSU PUEBLO, MARIE HUMPHREY,
individually and as agent for CSU PUEBLO,
THE UNITED STATES DEPARTMENT OF
EDUCATION, THE UNITED STATES
DEPARTMENT OF EDUCATION OFFICE
FOR CIVIL RIGHTS,  and THE UNITED
STATES OF AMERICA.

     Defendants.

---

**PLAINTIFF'S OBJECTION TO EQUAL RIGHTS ADVOCATES *ET AL.* MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS UNITED STATES DEPARTMENT OF EDUCATION, UNITED STATES DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS, JOHN B. KING, JR., CATHERINE LHAMON, AND UNITED STATES OF AMERICA'S MOTION TO DISMISS**

---

## I.      INTRODUCTION

Plaintiff Grant Neal ("Plaintiff") submits this Objection to Equal Rights Advocates *et. al.* (the

"ERA Amici") Motion for Leave to File Amicus Brief ("Motion for Leave") in support of Defendants United States Department of Education, United States Department of Education Office for Civil Rights, John B. King, Jr., Catherine Lhamon, and United States of America's (the "Federal Defendants") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss").

First, the proposed amicus brief does not offer the Court any unique information or expertise that the parties themselves are not able to provide. Second, the Motion for Leave should be denied on the grounds that all parties are fully and effectively represented; as such, the ERA Amici should not be permitted to present new arguments on behalf of the Federal Defendants, who deliberately chose particular issues to address and omit in their Motion to Dismiss the Amended Complaint. Third, the ERA Amici are not acting as an impartial "friend of the court." Instead, they seek to advocate on behalf of the Federal Defendants by urging the Court to accept their erroneous interpretation of Title IX and the 2011 Dear Colleague Letter.

Given the ERA Amici's lack of any knowledge or expertise concerning the central issues, superfluous assistance to the Federal Defendants and their evident lack of impartiality, the Motion for Leave should be denied. However, in the event the Court grants the Motion to Leave, Plaintiff respectfully requests leave to fully address the novel arguments raised in the ERA Amici's proposed amicus brief.

## II.   LEGAL STANDARDS

It is well established that a district court has broad discretion in deciding whether to grant or deny a motion for leave to file an amicus brief. *See Picard v. Greiff,* 797 F.Supp.2d 451, 452 (S.D.N.Y. 2011). Given there is no governing standard regarding the submission of amicus briefs in federal district courts, the Federal Rules of Appellate Procedure provide some guidance as to when they might be proper. *See Am. Humanist Ass'n v. Maryland-Nat'l Capital Park,* 147

F.Supp.3d 373, 389 (D. Md. 2015). Specifically, a proposed amicus must show that its contribution

is "desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App.

P. 29(b). The Federal Rules Advisory Committee explains:

> An amicus curiae brief, which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court.  An amicus curiae brief which does not serve this purpose *simply burdens the staff and facilities of the Court* and its filing is not favored.  (Emphasis added).

Fed. R. App. P. 29, 1998 Advisory Committee Notes. Given "[t]here is no inherent right to file an

amicus curiae brief with the Court" (*Long v. Coast Resorts, Inc.,* 49 F.Supp.2d 1177, 1178

(D.Nev.1999)), Courts frequently look to Judge Posner's decision in *Ryan v. Commodity Futures*

*Trading Commission,* (125 F.3d 1062 (7th Cir. 1997)) for clear guidance as to when an amicus

brief is appropriate. Judge Posner explained as follows:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case…or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied. (Internal citations omitted).

*Ryan v. Commodity Futures Trading Com'n*, 125 F. 3d at 1063.

Following in line with Judge Posner's explanation, it is generally accepted that amicus

participation may be appropriate at the trial level when "(a) a party is not represented competently or

is not represented at all, (b) the amicus has an interest in some other case that may be affected by the

decision in the present case, or (c) when the amicus has unique information or perspective that can

help the court beyond the help that the lawyers for the parties are able to provide." *Hard Drive Prods.,*

*Inc. v. Does 1-1,495,* 892 F. Supp. 2d 334, 337 (D.D.C. 2012); *see also Bryant v. Better Bus. Bureau*

*of Greater Maryland, Inc.,* 923 F. Supp. 720, 728 (D. Md. 1996) (internal citations omitted); *Miller-*

3

*Wohl Co. v. Comm'r of Labor & Indus.,* 694 F.2d 203, 204 (9th Cir. 1982) ("[a]ppropriate amicus curiae fulfill the "classic role" of 'assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration'"). Otherwise, a motion for leave to file amicus curiae brief should be denied. *See Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2011 WL 5825760, at *1 (S.D. Ill. Nov. 17, 2011); *see also Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir.1970) (cautioning that where joint consent of parties is lacking, court should "go slow in accepting, and even slower in inviting an *amicus* brief" unless *amicus* has special interest that justifies having a say, or existing counsel may need assistance).

Thus, the Court should deny a motion for leave to appear as an amicus if the proposed amicus brief is simply duplicative of the existing brief, does not bring any new information before the Court, is brought for the amicus' self-interest, or tries to expand the scope of the litigation before the court. *See Ryan,* 125 F.3d at 1063. As stated by Judge Posner:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief.  Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party.

*See Ryan,* 125 F.3d at 1063. The purpose underlying this directive is that, "[t]he named parties should always remain in control, with the amicus merely responding to the issues presented by the parties..." *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortgage Funding, Inc.,* No. 12 CIV. 7935 ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014). Where this standard is not met, the Court should deny leave to submit an amicus curiae brief.

## III.    ARGUMENT

**1.  The Proposed Amicus Brief Fails to Provide any Unique Information or Expertise.**

It is generally accepted that an amicus filing is appropriate "when the amicus has unique

information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Com'n*, 125 F. 3d at 1063. Here, the ERA Amici contend that they can offer "special expertise" and "unique information and perspective" concerning campus sexual assault and related disciplinary proceedings that will aid the Court in reaching a decision on the Federal Defendants' Motion to Dismiss. *See* Motion for Leave, pp. 1-2. However, the ERA Amici cannot present any expertise concerning campus sexual assault and related disciplinary proceedings, beyond what is already known by the parties. Although the ERA Amici hold themselves out as experts in the relevant fields, they are not in possession of any information the parties do not have, and have failed to demonstrate otherwise. *See U.S. v. El-Gabrowny,* 844 F.Supp. 955, 957 n. 1 (S.D.N.Y. 1994) (denying *amicus* status on grounds that "[n]either of these submissions offers any argument or point of view not available from the parties themselves").

Second, the ERA Amici contend that the proposed brief will aid the Court by providing the historical context of the Dear Colleague Letter. *See* Motion for Leave, p. 2. However, the Federal Defendants have already delineated a comprehensive history of Title IX, its implementing regulations and the various guidance documents preceding the Dear Colleague Letter. *See* Federal Defendants' Motion to Dismiss, pp. 3-7. Certainly, the Federal Defendants are perfectly capable, and better equipped than the ERA Amici, to present the historical context of Title IX and its implementing regulations. Yet, the ERA Amici undertake a review of the statutory history to support their position that the Dear Colleague Letter merely interprets what is meant by "equitable grievance procedure" as contained within the text of Title IX's implementing regulation, 34 C.F.R 106. This misrepresentation overtly disregards the threat of rescission of federal funds as a means to enforce compliance. Undoubtedly, the ERA Amici cannot provide any new information concerning the drafting, implementation, or enforcement of the Dear Colleague Letter that the parties themselves

cannot provide to the Court.

Further, the ERA Amici claim they will assist the court by analyzing relevant case law setting forth the differences between legislative and interpretive rules. However, this issue has been, or will be, fully briefed by all parties and the assistance of an outside, non-expert, party is not necessary. The Court should not consider ERA's interpretation of critical legal issues to be any more persuasive than the arguments presented by the parties. As such, the Court should deny ERA's motion for leave to file an amicus brief on this basis alone.

**2.  Supplementary Assistance to Counsel is Not Necessary.**

The ERA Amici's Motion for Leave should also be denied on the grounds that all parties are competently and adequately represented. *See United States v. Ahmed*, 788 F. Supp. 196, 198 n. 1 (S.D.N.Y.), *aff'd*, 980 F.2d 161 (2d Cir. 1992) (denying *amicus* status where "defendant's interests are adequately represented by his counsel"). The ERA Amici should not be permitted to submit new arguments on behalf of one party where that party is sufficiently represented by counsel. Undoubtedly, the Federal Defendants have had a full and fair opportunity to move to dismiss Plaintiff's Amended Complaint and do not require the assistance of an outside group of organizations and individuals.

The ERA Amici attempt to circumvent this basis for denying their Motion to Leave by presenting alternative arguments for dismissal that were not presented by the Federal Defendants. Specifically, the Federal Defendants seek to have the Amended Complaint dismissed on procedural grounds, rather than the merits; i.e whether Plaintiff has standing to commence the instant action. The ERA Amici's proposed brief submits an alternative argument, in the event that the Court finds Plaintiff does have standing to pursue his claims. Namely, the ERA Amici contend the Dear Colleague Letter did not violate the APA's notice and comment rulemaking because it is an

interpretive guidance document. Therefore, not only do the ERA Amici attempt to expand the scope of the Federal Defendants' motion before the court, but they also seek to provide another avenue by which the Court could find in favor of the Federal Defendants and dismiss Plaintiff's Amended Complaint.

Significantly, the Federal Defendants could have addressed the merits of Plaintiff's claims concerning the validity of the Dear Colleague Letter, yet chose not to do so. The purpose of an amicus brief is not to supplement the arguments of one party, who neglected to raise certain issues. *See e.g., Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.,* 2014 WL 265784 at *2 (S.D.N.Y. 2014) (an amicus should only respond to the issues presented by the parties, and "cannot initiate, create, extend, or enlarge issues…"); *see also Rocky Mountain Farmers Union v. Goldstene,* No. CVF092234LJODLB, 2010 WL 1949146, at *2 (E.D. Cal. May 11, 2010) ("this Court will not consider arguments raised in an amicus brief that are unrelated to issues raised by defendants in the motion to dismiss"); *United States v. Mullet,* 868 F. Supp. 2d 618, 624 (N.D. Ohio 2012) ("[a]n amicus may not raise issues not advanced by the parties themselves"). Consequently, allowing a third-party, who is a clear advocate to one party, to supplement the arguments already submitted would not only take advantage of the amicus function but would also prejudice the opposing party. *See Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982). This Court should not allow the ERA Amici to submit what is essentially a supplement to the Federal Defendants' Motion to Dismiss. The arguments submitted by the ERA Amici concerning the merits of Plaintiff's Amended Complaint, will not assist the Court in deciding the Federal Defendants' procedural arguments (whether Plaintiff has standing). Therefore, the Motion for Leave should be denied.

**3.   The ERA Amici are not Impartial "Friends of the Court".**

Third, the Motion for Leave should be denied on the grounds that the ERA Amici are not

impartial. A court should not give credibility to an amicus submission where the applicant is not seeking to solely advise the Court, but instead is seeking to reinforce the position of a party with whom its interests are aligned. Courts routinely reject amicus submissions in this context, where "[r]ather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues,…[the proposed amicus] comes as an advocate for one side…In doing so, [a proposed amicus] does the court, itself, and fundamental notions of fairness a disservice." *United States v. Gotti,* 755 F.Supp. 1157, 1159 (E.D.N.Y. 1991). Thus, "[w]hen the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,* 149 F.R.D. 65, 82 (D.N.J. 1993), *citing Gotti,* 755 F.Supp. at 1158–59.

Here, the ERA Amici specifically acknowledge that their proposed brief would be filed in support of the Federal Defendants, stating "[t]his amicus brief sets forth additional or alternative reasons why they Federal Defendants' Motion to Dismiss should be granted." *See* Motion for Leave, Exhibit A, p. vi. This admission demonstrates that the ERA Amici are far from neutral; rather, they seek to act as an advocate for the Federal Defendants instead of as a "friend of the court."

Moreover, in an attempt to supplement the Federal Defendants' arguments, the ERA Amici misinterpret Title IX in a way that is inconsistent with both its text and legislative history. Specifically, Title IX was not intended to impose an investigatory model upon universities by which educational institutions are compelled to implement grievance procedures for the handling of sexual misconduct complaints.[1] Indeed, the Office for Civil Rights ("OCR") did not begin to promulgate

---

[1] Principal objectives of Congress in enacting Title IX were to avoid use of federal resources to support discriminatory practices in education; 20 U.S.C.A. § 1681 (West); *see also Grove City Coll. v. Bell*, 687 F.2d 684, 691–92 (3d Cir. 1982), aff'd, 465 U.S. 555, 104 S. Ct. 1211, 79 L. Ed. 2d 516 (1984).

substantive rules regarding the investigation and adjudication of sexual misconduct allegations until it issued the 1997 Sexual Harassment Guidance.[2]

With the issuance of the 2011 Dear Colleague Letter, OCR dramatically increased its pressure on universities to implement measures not identified anywhere within the statutory text; namely, utilizing the preponderance of the evidence standard and eliminating the right to confront and cross-examine one's accuser.[3] Contrary to the ERA Amici's claims that such mandates are merely interpretive rules, the accompanying threat of rescission of federal funds and/or subjection to a highly publicized investigation by OCR for failure to comply, demonstrates the binding nature of the Dear Colleague Letter. Accordingly, pursuant to the Administrative Procedures Act, the 2011 Dear Colleague Letter was required to undergo notice and comment rulemaking prior to implementation, just as the prior two "guidance documents" issued by OCR had done, in 1997 and 2001. Based on the foregoing, the ERA Amici do not seek to provide the court with an objective, dispassionate, neutral discussion of the issues, but instead seek to inject their own interpretation of the validity of the Dear Colleague Letter into Defendants' previously submitted Motion to Dismiss.

## IV.    LEAVE TO FILE RESPONSIVE PLEADING

If the Motion for Leave is granted, Plaintiff seeks leave to file a full response to the proposed brief. Given that ERA Amici's proposed brief was filed in the midst of Plaintiff briefing the two regularly noticed motions to dismiss, Plaintiff should be afforded a meaningful and complete opportunity to respond to the novel arguments raised by the ERA Amici.

## V.    CONCLUSION

The ERA Amici are not "friends of the court". Instead, they seek to act as an advocate for the

---

[2] *See generally* U.S. Dep't of Education, Office for Civil Rights, *Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties* (1997).
[3] *See generally* U.S. Dep't of Education, Office for Civil Rights, *Dear Colleague Letter* (2011).

Federal Defendants by introducing an alternative basis for dismissing Plaintiff's Amended Complaint. Given the parties are already well represented by counsel, the ERA Amici's admitted lack of impartiality, and their failure to provide any unique expertise or information concerning the relevant issues, the ERA Amici should be not be permitted to file their proposed brief. For the reasons set forth herein, the ERA Amici's Motion for Leave to file Amicus Brief in Support of the Federal Defendants should be denied.

Dated this 2nd day of August, 2016.

Respectfully submitted,

/s/ Michael J. Mirabella
[ e-filing – August 2,, 2016]

Michael J. Mirabella, Esq.
Michael Mirabella, P.C.
450 E. 17th Ave., Suite 400
Denver, CO  80203
720-931-2094 (ph)
303-592-4385
mmirabella@mbellalaw.com

-and-

/s/ Andrew T. Miltenberg
[ e-filing – August 2, 2016]

Andrew T. Miltenberg, Esq.
Tara J. Davis, Esq.
Philip A. Byler
363 7th Avenue, Fifth Floor
New York, NY  10001
212-736-4500
amiltenberg@nmllplaw.com
tdavis@nmllplaw.com
pbyler@nmllplaw.com

Attorneys for Plaintiff

10

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTION TO EQUAL RIGHTS ADVOCATES *ET AL.* MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS UNITED STATES DEPARTMENT OF EDUCATION, UNITED STATES DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS, JOHN B. KING, JR., CATHERINE LHAMON, AND UNITED STATES OF AMERICA'S MOTION TO DISMISS** has been electronically filed this 2nd day of August, 2016, and served upon the following:

Jacquelynn N. Rich Fredericks
Assistant Attorney General
Higher Education, State Services Section
1300 Broadway, 10th Floor
Denver, CO  80203
720-508-6603
Jacquelynn.richfredericks@coag.gov

Amy Colony
Assistant Attorney General
Tort Litigation, Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
720-508-6615 (ph)
Amy.colony@coag.gov

Lauren Jaye Becker
Assistant Attorney General
Higher Education, State Services Section
1300 Broadway, 10th Floor
Denver, CO  80203
720-508-6183 (ph)
Lauren.becker@coag.gov

Allison R. Ailer
Assistant Attorney General
Civil Litigation & Employment Section
1300 Broadway, 10th Floor
Denver, CO  80203
720-508-6617 (ph)
Allison.ailer@coag.gov

Matthew J. Berns
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW
Washington, D.C. 20530
202-616-8016 (ph)
Matthew.j.berns@usdoj.gov

Rebecca Peterson-Fisher, Esq.
California Bar No. 255359
**Equal Rights Advocates**
1170 Market Street, Suite 700
San Francisco, CA 94102
(415) 575-2386 (ph)
rpetersonfisher@equalrights.org

*s/ Traci L. Pink*

*Original signatures are maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*