IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00873-RM-CBS

GRANT NEAL,

Plaintiff,

v.

COLORADO STATE UNIVERSITY-PUEBLO, *et al.*,

Defendants.

## [UNOPPOSED] CSU-PUEBLO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Colorado State University-Pueblo, the Board of Governors of the Colorado University System, Roosevelt Wilson, Jennifer DeLuna, Lesley DiMare, Kaitlyn Blakey, and Marie Humphrey (collectively "CSU-Pueblo Defendants"), through the Colorado Attorney General, move the Court for entry of a protective order pursuant to F.R.Civ.P. 26(c), concerning the treatment of Confidential Information (as defined herein), and states in support as follows:

1. Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel conferred with Plaintiff's counsel and counsel for the federal Defendants, regarding this motion via email correspondence on October 6, 2016.  Counsel for both Plaintiff and the federal Defendants advised they do not object to the relief sought herein.

2. In this action, at least one of the Parties has or expects to produce Confidential Information (as defined in paragraph 3 below) during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The disclosure of such information outside the scope of this litigation could annoy, embarrass, oppress, or result in injury to a party, witness, or person providing discovery in this case.  The CSU-Pueblo

Defendants request the Court enter as an order, the proposed Protective Order, attached as Exhibit A, for the purpose of preventing the disclosure and use of Confidential Information, except as set forth therein.

3.  In the proposed Protective Order, "Confidential Information" is defined as information that is confidential and implicates common law and statutory privacy interests of (a) current or former CSU-Pueblo University employees, and (b) current or former CSU-Pueblo University students. Such Confidential Information will include, but not be limited to, disclosures implicating 22 U.S.C. §1232g and 34 C.F.R. §99.3 (concerning disclosure of personally identifiable information regarding students); and C.R.S. §24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records).

4.  The proposed Protective Order would apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. As used in the proposed Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).

5.  The proposed Protective Order provides that Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case. The Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to: (a) attorneys actively working on this case; (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case; (c) the parties and designated representatives for the entity defendants; (d) expert witnesses and consultants retained in connection with this proceeding, to

the extent such disclosure is necessary for preparation, trial or other proceedings in this case; (e) the Court and its employees ("Court Personnel"); (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; (g) deponents, witnesses, or potential witnesses; and (h) other persons by written agreement of the parties.

6. The proposed Protective Order provides mechanisms for persons receiving Confidential Information to provide a written acknowledgment of having read, and agreeing to be bound by, the Protective Order (proposed "Acknowledgement of Protective Order and Confidentiality", attached as Attachment 1); that Confidential Information will be designated and marked as Confidential Information; procedures for objecting to the designation of materials marked as Confidential Information, which includes the party designating having the obligation to file an appropriate motion requesting that the Court determine whether the disputed information is subject to confidentiality, if necessary; and for disposal of Confidential Information at the conclusion of this case

7. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial. Nor is the proposed Protective Order intended to affect the authenticity or admissibility of documents produced subject to it.

## CONCLUSION

For the foregoing reasons, the CSU-Pueblo University Defendants respectfully request that the Court grant their Motion for Protective Order.

Dated this 10th day of October, 2016.

CYNTHIA H. COFFMAN
Attorney General

*s/ Amy Colony*
AMY COLONY*
Senior Assistant Attorney General
ALISON AILER
LAUREN JAYE BECKER
JACQUELYNN N. RICH FREDERICKS
Assistant Attorney(s) General
Attorneys for CSU-Pueblo Defendants
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6600
FAX: (720) 508-6032
Email(s): amy.colony@coag.gov
   allison.ailer@coag.gov
   jacquelynn.richfredericks@coag.gov
   lauren.becker@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing **[UNOPPOSED] CSU-PUEBLO UNIVERSITY'S MOTION FOR PROTECTIVE ORDER** upon all parties herein by e-Mail Transmission or by depositing copies of same in the United State mail, first-class postage prepaid, at Denver, Colorado, this 11th day of October, 2016, as follows:

Michael J. Mirabella, Esq.
450 E. 17th Avenue, Suite 400
Denver, CO 80203
mmirabella@mbellalaw.com

Andrew T. Miltenberg, Esq.
Tara J. Davis, Esq.
Jeffrey Berkowitz, Esq.
363 7th Avenue, Fifth Floor
New York, NY 10001
amiletenberg@nmllplaw.com
tdavis@mmllplaw.com
jberkowitz@mmllplaw.com

Matt Berns
U.S Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-8016
Matthew.J.Berns@usdoj.gov

*s/ Amy Colony*
_____